UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN L. WILSON,

        Plaintiff,

    v.

ATLANTIC COUNTY JUSTICE FACILITY,

        Defendant.

Civil Action
No. 20-7885 (CPO) (MJS)

OPINION

O'HEARN, United States District Judge:

    Plaintiff, a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss the Complaint with prejudice for failure to state a claim.

## I.    BACKGROUND[1]

    This case arises from an incident during Plaintiff's transportation on January 27, 2020. (ECF No. 1, at 5.) On that day, Officers Corry and Holcombe were transporting Plaintiff from a courthouse in Mays Landing, New Jersey, to the Atlantic County Justice Facility, also in Mays Landing. (*Id.*) The officers had shackled Plaintiff's hands and feet during transport. (*Id.*)

    Upon arriving at the entrance of the jail, Plaintiff took a few steps and "accidentally stepped on the curve of the black top (walk area) and fell to the ground extremely . . . hard." (*Id.*) The officers and another inmate assisted Plaintiff and helped him stand again. Plaintiff injured his lower back, the upper right side of his shoulder and neck, and his right elbow. (*Id.*)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that he received a "lack of assistance while being in the custody of the Atlantic County Justice Facility." (*Id*. at 6.)  He also alleges that it took him a few days to see the doctor, who gave him a "little treatment." (*Id*. at 8.)  In terms of relief, Plaintiff seeks compensation for his injuries and his pain and suffering.  (*Id*.)  Plaintiff named only the Atlantic County Justice Facility as a defendant in this case.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed above, Plaintiff appears to sue only the Atlantic County Justice Facility.[2]

The Court will broadly construe the Complaint as alleging a constitutional denial or delay of medical care. It is unclear whether Plaintiff was a pretrial detainee or a prisoner during the events of the Complaint. If Plaintiff was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs his claim, and if he was a convicted and sentenced prisoner, the Eighth Amendment governs his claim. *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir.

---

[2] Plaintiff does not appear to sue the officers who escorted him. According to Plaintiff, those officers assisted him after his fall. (ECF No. 1, at 5.)

2017); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). In any event, "the same standard applies." *Santiago v. Atl. Care Hosp. of New Jersey*, No. 11-7042, 2021 WL 5414893, at *2 (D.N.J. Nov. 17, 2021).

The Court, however, does not need to address the merits of Plaintiff's claim because he sues only the Atlantic County Justice Facility. The justice facility, like other county jails, is not a "person" amendable to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the justice facility, for failure to state a claim.

### IV.     CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint with prejudice. If Plaintiff believes he can allege facts entitling him to relief against a proper "person" under § 1983, he may file a new complaint, under a new docket number. An appropriate Order follows.


Dated:  December 30, 2021

                                                  /s Christine P. O'Hearn___
                                                  CHRISTINE P. O'HEARN
                                                  United States District Judge